UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LILA JESSIKA PETKER; SEDONA PETKER,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA, DANY E. FELIX, and DOES 1 to 100, inclusive,<br><br>    Defendant. | No. 2:23-cv-00317-JAM-CKD<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS CLAIMS FOR DAMAGES IN EXCESS OF THE STATUTORY LIMIT |

Before the Court is the United States's ("Defendant" or "Government") motion dismiss claims for damages in excess of the statutory limit. See Mot., ECF No. 29. Plaintiffs Lila Jessika Petker ("Jessika") and Sedona Petker ("Sedona") (collectively, "Plaintiffs") opposed. See Opp'n, ECF No. 31. The United States replied. See Reply, ECF No. 32. The United States moves to limit the damages Plaintiffs may recover under Rule 12(b)(1) for lack of jurisdiction over claims exceeding the sum certain of $25,000, or alternatively, for judgment that limits the damages to the sum certain under Fed. R. Civ. P. 56. As discussed below, the Court finds that it lacks jurisdiction over claims above

1

1  $25,000 and thus grants this Motion without reaching Defendant's
2  Rule 56 arguments.[1]

3                  I.    FACTUAL BACKGROUND

4      Plaintiffs Jessika and Sedona Petker bring two causes of
5  action under the Federal Tort Claims Act ("FTCA"), asserting that
6  the Government is liable for injuries Plaintiffs sustained during
7  a car accident with a United States Department of Veterans
8  Affairs ("USVA") vehicle.

9      Plaintiffs allege that on February 11, 2020, they were
10 traveling on Interstate 80 near Fairfield, California in stop and
11 go traffic when they were struck from behind by a vehicle driven
12 by Defendant Dany E. Felix ("USVA vehicle"). See Compl., ECF No.
13 1, at ¶¶ 10, 11. Plaintiffs assert that at the time of the
14 accident, Defendant Felix was employed by the USVA and was acting
15 in the course and scope of his employment. Compl. at ¶¶ 7, 12.
16 At the scene, Defendant Felix apologized and explained that his
17 foot had slipped off the brake, causing the USVA vehicle to
18 collide with Plaintiffs' vehicle. Compl. at ¶ 13.

19     On January 21, 2022, Plaintiffs filed administrative tort
20 claims with the USVA. Compl. at ¶ 9. Jessika's claim was denied
21 on August 30, 2022 and Sedona's claim was denied on September 12,
22 2022. Id. Plaintiffs subsequently filed this action alleging
23 that as a result of the "negligence, negligent entrustment,
24 carelessness, and/or wrongdoings" of the Government and Defendant
25 Felix, Plaintiffs were injured and required treatment totaling

---

27 [1] This motion was determined to be suitable for decision without
oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled
28 for June 3, 2025.

2

1  $1,444.000 for Jessika and $1,466.00 for Sedona as of February
2  21, 2023.  Compl. at ¶ 18.  Plaintiffs seek further unspecified
3  damages related to past and future medical expenses as well as
4  ancillary expenses, incidental and/or consequential damages, and
5  compensatory damages.  Compl. at ¶¶ 18-20.
6       In response to interrogatories by the United States dated
7  January 19, 2024, Plaintiff Jessika Petker states that she now
8  seeks damages of approximately $73,282.06 and Plaintiff Sedona
9  Petker states that she seeks damages of approximately $9,134.03.
10 See Mot. at 4; Lodge Decl., ECF No. 29-4, Ex. 5 and 6.  The
11 United States contacted Plaintiffs' counsel to meet and confer
12 regarding the "sum certain" limitation of Plaintiffs' damages
13 under 28 U.S.C § 2675(b), but a stipulation was not reached.  See
14 Lodge Decl. at ¶ 5.  The United States therefore filed its Motion
15 herein pursuant to 28 U.S.C. § 2675(b) to limit Plaintiffs'
16 damages.

                              II.  OPINION
    A.   Legal Standard
       Plaintiffs' opposition incorrectly argues that the
Government's motion is procedurally defective.  See Opp'n at 8.
To the contrary, a 12(b)(1) motion challenging jurisdiction can
be filed at any time.  See Fed. R. Civ. P. 12(h)(3).  In a facial
attack under Rule 12(b)(1), the challenger asserts that the
allegations contained in the complaint are insufficient on the
face to invoke federal jurisdiction.  Safe Air for Everyone v.
Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004).  Federal courts are
courts of limited jurisdiction and may hear a case only if
authorized to do so by the Constitution and statute.  Kokkonen v.

                                  3

Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).

In bringing an action in federal court, the plaintiff bears the burden of establishing that the court has subject matter jurisdiction to hear the action. Kokkonen, 511 U.S. at 377. Accordingly, a court presumes lack of subject matter jurisdiction until the plaintiff proves otherwise. Stock West, Inc. v. Confederated Tribes, 873 F.2d 1221, 1225 (9th Cir. 1989). Where a jurisdictional issue is separable from the merits of a case, in making a threshold inquiry for deciding a factual jurisdictional attack, courts may weigh the evidence presented regarding jurisdiction and resolve factual disputes to evaluate for itself whether they have the authority to hear the case. See Roberts v. Corrothers, 812 F.2d 1173, 1177 (9th Cir. 1987). "In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." Safe Air for Everyone, 373 F.3d at 1039.

B. Judicial Notice

In their opposing papers, Plaintiffs request that the Court take judicial notice of a true and correct copy of a printout of Jessika Petker's Massage Therapist License listing from the State of Florida Department of Health website, Exhibit 1, which reflects April 22, 2022 as the date of renewal for her license. See ECF No. 31-5. Under Federal Rule of Evidence § 201(b), the Court may take judicial notice of government websites. See Tinoco v. San Diego Gas & Elec. Co., 327 F.R.D. 651, 657 (S.D. Cal. 2018). The Government does not oppose this request for judicial notice, and as such, the Court grants Plaintiffs' request for judicial notice

of Exhibit 1.

    C.    <u>Analysis</u>

        1.    <u>Claims Under the Federal Tort Claims Act</u>

Under the Federal Tort Claims Act, any party asserting a claim for money damages arising out of the negligent or wrongful act of a government employee must first file a claim with the administrative agency at issue. 28 U.S.C. § 2675(a). This requirement is jurisdictional and must be strictly adhered to, cannot be waived, and is strictly construed. <u>Brady v. United States</u>, 211 F.3d 499, 502 (9th Cir. 2000); <u>Cadwalder v. United States</u>, 45 F.3d 297, 300 (9th Cir. 1995). A party may amend their administrative claim up until the agency issues a final denial or upon the exercise of the claimant's option to sue after the expiration of the agency's six-month consideration period. 28 C.F.R. § 14.2. The injured party may file suit after the claim is denied or after the time has expired without any action taken by the agency. 28 U.S.C. § 2675(a).

Most relevant to this case, for any lawsuit filed, the FTCA precludes recovery in excess of the amount of the claim presented to the federal agency. 28 U.S.C. § 2675(b). As the Government correctly argues, the amount presented to the federal agency must be in the form of a "sum certain." 28 C.F.R. § 14.2(a); Mot. at 6. The sum certain requirement "demands more than mere general notice to the government of the approximate amount of a claim"; rather, "a specific dollar amount is necessary." <u>Caidin v. United States</u>, 564 F.2d 284, 287 (9th Cir. 1977) (citations omitted). The purpose of the "sum certain" limitation in Section 2675 "is to ensure that federal agencies charged with making an

1  initial attempt to settle tort claims against the United States
2  are given full notice of the government's potential liability."
3  Low v. United States, 795 F.2d 466, 471 (5th Cir. 1986).
4      If treatment is ongoing, the plaintiffs must "assume the
5  worse-case scenario" when he or she files the claim. Salcedo-
6  Albanez v. United States, 149 F. Supp. 2d 1240, 1245 (S.D. Cal.
7  2001) (citing Reilly v. United States, 863 F.2d 149, 173 (1st
8  Cir. 1988)). "As between prospective defendant and prospective
9  plaintiff, the latter is in by far the better position to
10 determine the worst-case scenario or, if uncertain, to paint the
11 picture as bleakly as reason permits and conscience allows." Id.
12 "If a plaintiff misjudges, as to matters known or easily
13 deducible when her claim is filed, it seems more equitable for
14 her to bear the burden of miscalculation than to impose it on the
15 sovereign." Id.
16     There are two exceptions to the sum certain requirement:
17 "where the increased amount is based upon newly discovered
18 evidence not reasonably discoverable at the time of presenting
19 the claim to the federal agency, or upon allegation and proof of
20 intervening facts, relating to the amount of the claim." 28
21 U.S.C. § 2675(b). "Plaintiffs bear the burden of proving that
22 they are entitled to damages in excess of their administrative
23 claim." Salcedo-Albanez, 149 F. Supp. 2d at 1243 (quoting Spivey
24 v. United States, 912 F.2d 80, 85 (4th Cir. 1990)).
25     "[W]hether the plaintiff is seeking an increase under the
26 rubric of 'newly discovered evidence' or 'intervening facts,' one
27 of the key issues is foreseeability. If the condition was
28 reasonably foreseeable at the time the claim was filed, an

6

1  increase will not be allowed." Id. (quoting Lowry v. United
2  States, 958 F. Supp. 704, 711 (D. Mass. 1997)). Additionally,
3  "[d]iligence by the plaintiff is expected, and 'information which
4  could have been discovered through the exercise of reasonable
5  diligence does not qualify as newly discovered evidence or
6  intervening facts for purposes of the exception[s] contained in
7  section 2675(b).'" Ramone v. U.S. Postal Serv., 2019 WL 3080820
8  at *5 (E.D. Cal. 2019) (quoting Hogan v. United States, 86 F.3d
9  1162 at *2 (9th Cir. 1996)).

            2.   Sum-Certain Amount

The Government asserts that two years after the accident, on January 24, 2022, Plaintiffs each submitted a SF-95 administrative claim to the USVA pursuant to 28 U.S.C. § 2675(b). See Decl. of Hector Santiago, ECF No. 29-3, Ex. 1 and 2. Plaintiffs Jessika and Sedona Petker each claimed damages of $25,000. Id. Thus, the Government argues that the sum-certain amount in Plaintiffs' administrative claims for personal injuries is the $25,000 asserted in each claim. It follows that Plaintiffs' potential recovery in this case is limited to that amount unless one of the statutory exceptions applies. 28 U.S.C. § 2675(b). Plaintiffs do not oppose the Government's argument that the "sum certain" for each of their tort claims is $25,000 and instead argue that damages in excess of the sum certain are justified because they were not reasonably discoverable. See Opp'n at 4-8.

            3.   Section 2675(b) Exceptions

To determine whether a claimant meets either the "newly discovered evidence" or the "intervening facts" exception under

7

1  Section 2675(b), courts in this circuit apply an objective
2  standard and must consider whether a claimant's injuries were
3  "reasonably foreseeable at the time the original claim was
4  filed." See Richardson v. United States, 841 F.2d 993, 999 (9th
5  Cir. 1988).
6     Plaintiffs do not address the two exceptions to Section
7  2675(b) individually, rather, they broadly argue that there were
8  facts not reasonably discoverable at the time they filed their
9  administrative claims. See Opp'n at 4.  In their motion and
10 reply, the Government maintains that Plaintiffs cannot show that
11 any aspect of their injuries was unusual or unforeseeable at the
12 time they filed their administrative claims because all of
13 Plaintiffs' alleged injuries were known to Plaintiffs before the
14 filing of their claims with the agency. See Mot. at 8; Reply at
15 2-4.  Based on the medical records, declarations, depositions,
16 and other evidence presented, the Court agrees with the
17 Government.
18     Plaintiffs do not dispute that their injuries were known at
19 the time they filed their administrative claims but assert that
20 these known injuries worsened in unexpected ways. See Opp'n at
21 5.  Their logic is that even though Jessika and Sedona Petker
22 were both generally improving at the time of their administrative
23 filing, this improvement is actually why they could not have
24 reasonably predicted their symptoms worsening. See Opp'n at 4-5.
25 Plaintiffs contend that an unforeseen worsening of a known injury
26 may constitute "newly discovered evidence" or "intervening
27 facts." See Zurba v. U.S. (7th Cir. 2003) 318 F.3d 736, 739.  "A
28 known injury can worsen in ways not reasonably discoverable by

8

1 the claimant and his or her treating physician, and . . . such
2 'newly discovered evidence' or 'intervening facts,' if
3 convincingly proved, can warrant § 2675(b) relief." Roemen v.
4 United States, 2024 WL 4372197 at *4 (D.S.D. 2024).

5 However, the cases Plaintiffs cite are not analogous to the
6 instant circumstances. In Zurba, the Plaintiff sought to recover
7 additional damages for emotional injuries that were unknown,
8 "separate," and "distinct" from the physical injuries she had
9 included in her original administrative claim. Similarly, in
10 Roemen, the district court found that the Plaintiff had been
11 diagnosed with a new condition that developed after the incident
12 and surgeries following his administrative claim. These cases
13 require Plaintiffs to show unforeseen and unknown injuries that
14 are "materially different" in kind to qualify for the newly
15 discovered evidence or intervening facts exceptions. Zurba, 318
16 F.3d at 741. Here, Plaintiffs do not allege that they sustained
17 any new previously unknown diagnoses or injuries that materially
18 differed after the filing of their administrative claims.

19                  a.   Jessika Petker

20 Jessika Petker seeks to recover economic and non-economic
21 damages due to loss of earning power and contends that she could
22 not have reasonably discovered her inability to work until she
23 attempted to resume her job in mid-2022. See Decl. of Jessika
24 Petker at ¶ 16, ECF No. 31-2. Plaintiffs assert that when
25 Jessika attempted to return to work, she found herself physically
26 unable to do the job of a massage therapist due to pain in her
27 neck that she had not discovered. See Opp'n at 4-5; Decl. of
28 Jessika Petker at ¶¶ 16-17. However, the evidence presented does

not support Jessika's conclusions that her conditions were not reasonably foreseeable. Jessika's medical records reveal that she had known and pre-existing neck and back pain from a prior car accident in 2020 that she feared could worsen. See Decl. of COH, ECF No. 31-6, Ex. E at p. 17 (hereinafter "Ex. E").

Following the previous accident, Jessika "reduced [her] work duties to eliminate deep tissue massages and other tasks that [she] could not perform." Decl. of Jessika Petker at ¶¶ 10-12. Moreover, Plaintiffs assert that Jessika Petker informed Defendant Felix of her concern that her injuries could develop as being severe due to pre-existing conditions. See Opp'n at 3; Decl. of Jessika Petker, ¶ 8. Therefore, the evidence demonstrates that Jessika had an ongoing work impairment, knew she could experience heightened symptoms, and that she had sought treatment for these concerns before she filed her administrative claim. See Reply at 3; Decl. of COH, ECF No. 31-6, Ex. A.

Because the facts indicate that Jessika was aware of potential neck and back pain that could lead to work reductions prior to the filing of her administrative claims in January 2022, she has not demonstrated that previously undiscoverable damages exist. "When existing medical evidence and advice put the claimant on fair notice to guard against the worst-case scenario in preparing the administrative claim, an attempt to increase the amount of the claim during litigation should be rejected." Ramone, 2019 WL 3080820 at *6 (internal citations omitted). Given that Jessika had experienced similar physical symptoms before and that she anticipated that the USVA Vehicle collision could exacerbate her prior pain, it cannot be said that her

injuries and the damages in excess of the sum-certain amount were not reasonably foreseeable.

### b. Sedona Petker

Sedona Petker's interrogatory responses do not indicate that she currently seeks damages beyond the sum-certain amount of $25,000. See Mot. at 4. To the extent that Sedona later seeks to establish damages beyond the $25,000 sum-certain amount, she has not shown that she qualifies for an exception under Section 2675(b). Like Jessika, Sedona also experienced improvements and had "plateaued in pain" at the time of her 2022 administrative claim. See Opp'n at 6. However, Plaintiffs assert that while Sedona's "existing disc bulge in her back was minor," her condition worsened and "she required further undiscoverable care in late 2022 and onward." Id.; Decl. of Sedona Petker at ¶ 14, ECF No. 31-3.

Plaintiffs present a new diagnosis to support their argument that Sedona's condition was unforeseeable. The opposition purports that Plaintiffs' expert Dr. Rao opined that as of December 24, 2024, the true cause of Sedona's pain is a possible facet condition, which was not previously diagnosed. See Opp'n at 6. However, a careful examination of Dr. Rao's opinion in Ex. E, reveals a statement from him that Sedona's pain management specialist Dr. Rumery noted on May 13, 2020 that "treatment for facet joint originating pain may be considered." Ex. E. at p. 26. This May 13, 2020 diagnosis precedes the filing of Sedona's January 2022 administrative filing.

While Plaintiffs attempt to use Dr. Rao's opinions to establish that a materially different diagnosis arose after

11

Sedona filed her administrative claim, the same documents reveal that Sedona's possible facet condition was posited and previously discoverable because Dr. Rumery noted so on May 13, 2020. Thus, Plaintiffs' own expert defeats their argument that Sedona could not have reasonably known about her current condition or could not have reasonably foreseen the damages that would follow. Sedona's medical records indicate that she had notice of other diagnoses prior to the submission of her claim forms and that the related expenses could have been projected.

As the Government points out, this case stems from a relatively minor accident where no air bag deployed, no ambulance was called, and no police report was filed. See Reply at 4. The photograph of Plaintiffs' vehicle shows only superficial damage. See Mot. at 2. Based on the submissions before the Court, Plaintiffs Jessika and Sedona Petker have not offered convincing proof that their injuries were unknown or worsened in ways that were not reasonably discoverable, nor have they shown that they were prevented from submitting a worst-case estimate of their damages. See Salcedo-Albanez, 149 F. Supp. 2d at 1244-45. Accordingly, the Court finds that Plaintiffs have not met their burden of proving that they are entitled to damages in excess of their administrative claims.[2]

///

///

---

[2] Plaintiffs devote a substantial portion of their opposition to construing Defendant's motion as a Rule 56 motion for summary judgment. See Opp'n at 9-15. This standard is not applicable to the resolution of a Rule 12(b)(1) motion and the Court does not reach this issue to resolve the pending motion.

          4.   <u>Leave to Amend</u>

In a final attempt to bypass Section 2675's statutory requirements, Plaintiffs request leave to amend their complaint to "more specifically plead the damages and their bases as to those damages provided in disclosure and discovery." See Opp'n at 18. However, as discussed above, the crux of this motion is not a pleading issue or fact issue as Plaintiffs suggest, rather, it is one of jurisdiction.

As the Government advances in their Reply at 8, any amendments would be futile because Plaintiffs' new and higher damage claims would be the type of "made for litigation" arguments that the sum certain requirement is designed to prohibit. See <u>Blair v. I.R.S</u>, 304 F.3d 861, 865 (9th Cir. 2002) (the administrative claim must be sufficient to put the Government "on fair notice" of a claim, <u>Goodman</u>, 298 F.3d at 1057, so that the agency can "begin its own investigation,"); <u>Guyton v. U.S. Postal Serv.</u>, 2024 WL 5341329 *2 (C.D. Cal. 2024). Plaintiffs do not specify what other unanticipated evidence they could set forth beyond what they have already attached in their papers that would allow them to sidestep the sum-certain amount claimed in their administrative proceedings.

Moreover, under Rule 15 of the Federal Rules of Civil Procedure, leave to amend is only "freely granted" where the opposing party will not be prejudiced. In this case, the Government would be substantially prejudiced by allowing amendment to Plaintiffs' complaint because of the jurisdictional concerns as well as the costs and delay inherent in protracted litigation. In the FTCA context, the point of administrative

13

exhaustion is to give the government "full notice" of their potential liability. Low v. United States, 795 F.2d 466, 471 (5th Cir. 1986); see also Caidin, 564 F.2d at 287 ("[s]ince the purpose of the administrative claim is to facilitate settlement of these disputes, a specific dollar amount is necessary to allow realistic assessment of the settlement value of a case"); Ramone, 2019 WL 3080820 at *4.

Ultimately, the statutory scheme of liability undergirding Section 2675 dictates that Plaintiffs, not the United States, bear the burden of miscalculation. See Salcedo-Albanez, 149 F. Supp. 2d 1240 at 1245 ("[t]he Court presumes that Plaintiff secured thorough and well-informed medical and legal advice regarding the extent of her injuries prior to submitting her administrative tort claim - Plaintiff does not contend otherwise."). Plaintiffs have failed to carry their burden of proof to show that the Court has jurisdiction over claims that exceed the sum-certain amount. Any claims above the amounts filed in their administrative proceedings are dismissed with prejudice for lack of jurisdiction.

## III. ORDER

The Government's motion to limit damages to the sum-certain amount (ECF No. 29-3, Ex. 1 and 2) is GRANTED. Jessika Petker and Sedona Petker's damages shall be limited to $25,000 each.

IT IS SO ORDERED.

Dated: July 7, 2025

_____
JOHN A. MENDEZ
SENIOR UNITED STATES DISTRICT JUDGE